IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SAMUEL ERIN EAGER, | ) | CIV. NO. 15-00098 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING FIRST AMENDED |
| | ) | COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) | PURSUANT TO 28 U.S.C. |
| | ) | §§ 1915(e)(2) & 1915A |
| HONOLULU POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND
PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A**

Before the court is *pro se* Plaintiff Samuel Erin Eager's first amended civil rights complaint ("FAC"). Doc. No. 8. Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF"), and is proceeding *in forma pauperis* ("IFP"). Plaintiff alleges that the Honolulu Police Department ("HPD") violated his rights under the Fourth Amendment when two HPD officers forcibly entered his apartment without permission or a warrant on January 27, 2013. *Id.*, PageID #51.

The FAC is DISMISSED with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A, for Plaintiff's failure to state a cognizable claim on which relief may be granted. Plaintiff is granted leave to amend to correct the FAC's deficiencies on or before **July 10, 2015.**

## I. BACKGROUND[1]

The FAC names only HPD in its caption, but identifies the only Defendant as HPD "Police Officers . . . Two Uniformed [HPD] officers", named in their official capacity. FAC, Doc. No. 8, PageID #47-48. Plaintiff claims that these two unidentified HPD officers forcibly entered his apartment without permission or a warrant on January 27, 2013. *Id.*, PageID #51. Plaintiff says there were at least four other HPD officers outside in the parking lot, as well as an ambulance and a fire truck. *Id.* Plaintiff seeks an apology and compensatory relief.

In his original Complaint, Plaintiff provided greater detail for these claims. Plaintiff stated that the two unidentified police officers entered his home only *after* he had threatened suicide, broken his window and screen with his hands, and sat on the window ledge for more than an hour while he waited for sufficient witnesses to the incident. *See* Compl., Doc. No. 1, PageID #8. Plaintiff also claimed that after he "surrendered," he was taken to the Queen's Medical Center by ambulance, treated for his cuts, and released. *Id.*, PageID #9. Plaintiff further alleged that his driver's license was missing when he returned home, which he suggested was confiscated by the unidentified officers at the scene. *Id.*, PageID #8.

---

[1] For clarity, the court refers to the electronic pagination provided in CM/ECF for all documents filed in this action.

## II. LEGAL STANDARD

The court must screen all civil actions brought by prisoners relating to prison conditions or seeking redress from a government entity, officer, or employee. 28 U.S.C. § 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Twombly*, 550 U.S. at 555 (stating the court is "not bound to accept as true a legal conclusion couched as a

factual allegation."). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In analyzing a pleading under this standard, the court must set conclusory factual allegations aside, accept all nonconclusory factual allegations as true, and determine whether those nonconclusory factual allegations accepted as true state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 676–684; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (noting that the court need not accept legal conclusions, unwarranted deductions of fact, or unreasonable inferences as true). And while "[t]he plausibility standard is not akin to a probability requirement," it does "ask[ ] for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). To make this plausibility determination, the court is permitted "to draw on its judicial experience and common sense." *Id.* at 679.

Leave to amend should be granted if it appears the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *but cf.*, *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013) (holding that the district court has discretion to dismiss

pro se complaint without leave to amend when "it is clear that the complaint could not be saved by any amendment").

### III. DISCUSSION

Although Plaintiff's claims in the FAC are nearly identical to those in his original Complaint, the FAC omits almost all of the supporting details that Plaintiff included in the original Complaint. The court cannot review Plaintiff's pleading in a vacuum, and therefore takes into account all of the factual statements made in both of Plaintiff's pleadings.

**A. Fourth Amendment: Warrantless Search and Seizure**

"[S]earches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586; *Sheehan v. City and Cnty. of S.F.*, 743 F.3d 1211, 1221-22 (9th Cir. 2014). There are two general exceptions to the warrant requirement for home searches: exigency and emergency. *United States v. Martinez*, 406 F.3d 1160, 1164 (9th Cir. 2005). "These exceptions are 'narrow' and their boundaries are 'rigorously guarded' to prevent any expansion that would unduly interfere with the sanctity of the home." *Hopkins v. Bonvicino*, 573 F.3d 752, 763 (9th Cir. 2009) (citation omitted). "[W]arrants are generally required to search a person's home or his person unless the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Brigham*

*City, Utah v. Stuart*, 547 U.S. 398, 403 (2006) (quotation marks omitted).

That is, a "warrantless entry by criminal law enforcement officials may be legal when there is compelling need for official action and no time to secure a warrant." *Michigan v. Tyler*, 436 U.S. 499, 509 (1978). "The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." *Brigham City*, 547 U.S. at 403; *Georgia v. Randolph*, 547 U.S. 103, 118 (2006) ("[I]t would be silly to suggest that the police would commit a tort by entering . . . to determine whether violence . . . has just occurred or is about to (or soon will) occur."). Thus, "a warrantless search or seizure is permitted to render emergency aid or address exigent circumstances." *Sheehan*, 743 F.3d at 1221 (citing *United States v. Struckman*, 603 F.3d 731, 737–38 (9th Cir. 2010)).

"The emergency aid exception applies when: '(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and manner were reasonable to meet the need.'" *Sheehan*, 743 F.3d at 1221 (quoting *United States v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008)). To justify a warrantless search under the emergency doctrine: (1) the police

must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property; (2) the search must not be primarily motivated by intent to arrest and seize evidence; (3) there must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.  *United States v. Stafford*, 416 F.3d 1068, 1073–1074 (9th Cir. 2005).

### 1. *Plaintiff's Claims Against Unidentified HPD Officers*

Viewing the FAC's meager statement of facts as true, and in conjunction with the facts Plaintiff alleged in the original Complaint, the court cannot reasonably infer that he was subjected to an illegal search or seizure.  *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (holding that a court must examine whether an amended complaint's facts cure the defects in the original complaint "without contradicting any of the allegations of [the] original complaint").  Although Plaintiff's allegations in the FAC do not explicitly contradict those in the original Complaint, they clearly omit important details apparently in an effort to circumvent this court's careful explanation why his original Complaint failed to state a claim.  And, even if exigent circumstances are matters that should be raised as a defense and not matters that must be

addressed in a complaint, this court cannot disregard what is plain on the face of Plaintiff's original and amended pleadings.

Plaintiff claims two HPD officers entered his home without a warrant or express permission. He earlier admitted, however, that these officers first asked to speak with him through the door's jalousie windows, and only entered after Plaintiff became agitated, grabbed a pair of scissors, cut through his window screen, broke the window's glass with his bare hands, put the scissors to his heart, climbed on the sill, and threatened to commit suicide. *See* Compl., Doc. No. 1, PageID #7-8. Plaintiff also earlier stated that he remained on the window sill threatening to jump with the scissors to his heart for more than an hour, and during that time the two police officers entered his apartment.

These allegations show that the two officers had an objectively reasonable basis to conclude that there was an immediate need to protect Plaintiff or others from serious harm when they entered the apartment. *Sheehan*, 743 F.3d at 1221. They also show the officers' warrantless entry was objectively reasonable to meet the exigent need presented and went no further than necessary. *Id.* Plaintiff's failure to reallege these facts does not nullify his earlier declaration.

To the extent Plaintiff alleges the two unidentified HPD officers illegally "seized" his driver's license, this is

simply a conclusory allegation of fact that raises only the mere possibility that someone may have taken Plaintiff's license during or after the incident. Plaintiff fails to state a claim against any unidentified police officer for violation of the Fourth Amendment.

### 2. *Official Capacity Claims Against HPD*

To the extent Plaintiff now directs this suit against HPD, he fails to state a claim. To impose liability pursuant to § 1983 on a municipality or other local government agency, such as HPD, Plaintiff "must prove that 'action pursuant to official municipal policy' caused [his] injury." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Municipal liability may be imposed only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

Plaintiff fails to identify any HPD policy, regulation, or officially adopted and promulgated decisions that prompted or required the two unnamed HPD officers to enter Plaintiff's home without a warrant or exigent circumstances. Rather, Plaintiff's own statement of facts shows that there were, in fact, exigent circumstances justifying the officer's unwarranted entry --

9

Plaintiff's threatened suicide. The FAC fails to state a cognizable claim against HPD.

### 3. *Timeliness*

Plaintiff alleges the incident occurred on January 27, 2013, two years and three months before he filed this action. Although the court does not rely on any timeliness issue in issuing this order, Plaintiff should consider whether this action is time-barred under the applicable two-year statute of limitation. *See Pele Defense Fund v. Paty*, 73 Haw 578, 597-98 (1992) (discussing Haw. Rev. Stat. § 657-7, the two-year "general personal injury" provision); *see also Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (holding that, if there is no established time limitation for a federal cause of action, the court should apply the State's general personal injury statute of limitation if not inconsistent with federal law or policy).[2]  In any event,

---

[2] Hawaii Revised Statutes § 657-13 tolls the limitation period for prisoners incarcerated for a term less than life, minors, and insane litigants. Tolling applies to claims against HPD, which is a department of the City and County of Honolulu. *See Coles v. Eagle*, LEK/BMK 2014 WL 2214046, at *4 (D. Haw. May 27, 2014) (citing *Dusenberry v. Cnty. of Kauai*, JMS/LEK, 2007 WL 3022243, at *4 (D. Haw. Oct. 12, 2007) (stating § 657-13 "does not exempt counties . . . from the tolling provision). To qualify for tolling, a claimant's disability "[must have] existed at the time the right of action accrued." Haw. Rev. Stat. § 657–14. If Plaintiff's claims accrued on January 27, 2013, and he was not arrested on that date, he is not entitled to tolling of the statute of limitation. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) (holding § 1983 claims accrue when plaintiff has complete and present cause of action); *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012).

timeliness is an affirmative defense and not Plaintiff's pleading obligation. The court mentions the issue only so that, before deciding to pursue this matter further, Plaintiff may determine whether he should proceed at all.

Plaintiff's allegations against the Honolulu Police Department and two unidentified officers fail to state a cognizable claim for relief under the Fourth Amendment. The FAC is DISMISSED with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**B.   Leave to Amend**

Plaintiff may file an amended complaint on or before **July 10, 2015.** The amended complaint must cure the deficiencies noted above. While an amended complaint generally supersedes the original complaint, *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), the court will not ignore Plaintiff's original statement of facts when reviewing any amended complaint. Defendants not named in the caption and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[C]laims dismissed with prejudice [need not] be repled in a[n] amended complaint to preserve them for appeal. . . . [but] claims [that are] voluntarily dismissed [are] . . . waived if not repled."). In an amended complaint,

each claim and the involvement of each Defendant must be sufficiently alleged.

Plaintiff is NOTIFIED that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii if he chooses to amend his pleading.

## IV. 28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order on or before **July 10, 2015**, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in
> a court of the United States that was
> dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

## V. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The First Amended Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), with leave granted to amend. Plaintiff may file an amended

complaint curing the deficiencies noted above on or before **July 10, 2015.**

(2) Failure to timely amend the Complaint and cure its pleading deficiencies may result in **DISMISSAL** of this action for failure to state a claim, and may later be counted as a strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk is directed to mail Plaintiff a form prisoner civil rights complaint so he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 16, 2015.



   /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Eager v. Honolulu Police Departments*, 1:15-00098 SOM/KSC; Scrng 2015/Eager 15-98 som (DSM FAC); J:\PSA Draft Ords\SOM\Eager 15-98 som (DSM FAC.).wpd